IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:24-cr-30004-DWD |
| vs. ) | |
| ) | |
| **LAMAR R. BENNETT,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Affidavit and Motion to Appeal *In Forma Pauperis*. (Doc. 68). For the reasons explained below, the Motion is **GRANTED**.

On January 17, 2024, a 3-Count Indictment was returned against Defendant for being a felon in possession of firearms under 18 U.S.C. § 922(g)(1). (Doc. 1). On July 31, 2024, Defendant pled guilty to the Indictment pursuant to a plea agreement with the Government. (Docs. 32 & 33). Defendant was scheduled to be sentenced, after multiple continuances, on February 27, 2025. (Docs. 32, 39, 46, 49). However, in the interim, Defendant signaled a desire to seek a dismissal of the Indictment. (Doc. 48). Therefore, Defendant's Sentencing Hearing was again continued to March 26, 2025. (Doc. 50).

On March 6, 2025, Defendant filed a Motion to Withdraw Guilty Plea and a Motion to Dismiss Indictment. (Docs. 51 & 52). The former Motion was denied, and the latter Motion was denied as moot, on March 24, 2025. (Doc. 56).

On March 26, 2025, Defendant was sentenced to 125 months of imprisonment on

Counts 1, 2 and 3 of the Indictment, to be served concurrently. (Doc. 57). That term of imprisonment was to run concurrently with any term of imprisonment imposed by the Circuit Court of Marion County, Illinois, in Case No. 23-CF-98. (Doc. 57). Defendant was also sentenced to 3 years of supervised release on Counts 1, 2 and 3 of the Indictment, to be served concurrently. (Doc. 57). He was ordered to pay a fine and a special assessment, each totaling $300. (Doc. 57). The Court entered a Judgment on March 26, 2025, and Defendant filed a Notice of Appeal on April 2, 2025. (Docs. 60 & 63).

Now, Defendant filed an Affidavit and Motion for Permission to Appeal *In Forma Pauperis*. (Doc. 68). Based on the Affidavit, and despite his retention of private trial counsel, the Court **FINDS** Defendant is financially unable to retain appellate counsel. *See U.S. v. Durham*, 922 F.3d 845, 846-47 (7th Cir. 2019) (Wood, C.J., in chambers) ("[T]he Criminal Justice Act asks only if the defendant is 'financially unable' to obtain adequate representation."); 18 U.S.C. § 3006A(a)(1)(A), (H) ("Representation shall be provided for any financially eligible person who…is charged with a felony or a Class A misdemeanor…[or] is entitled to appointment of counsel under the sixth amendment to the Constitution."). Accordingly, the Motion to Appeal *In Forma Pauperis* is **GRANTED**.

Moreover, Seventh Circuit Rule 51(a), which concerns the withdrawal of trial counsel and the appointment of appellate counsel, in part, provides as follows:

> Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw. Such relief shall be freely granted…. If the client was not found to be eligible for Criminal Justice Act representation in the district court but appears to qualify on appeal, trial counsel must immediately

> assist the client in filing in the district court a motion to proceed as one who is financially unable to obtain an adequate defense in a criminal case. This motion must be accompanied by an affidavit containing substantially the same information as contained in Form 4 of the Appendix to the Federal Rules of Appellate Procedure. If the motion is granted, the court of appeals will appoint trial counsel as appellate counsel unless the district court informs the court of appeals that new counsel should be appointed. If the motion is denied by the district court, trial counsel may file a similar motion in the court of appeals.

Seventh Circuit Rule 51(a) (Emphasis added.)

Here, the Court notes only the Seventh Circuit may allow a post-judgment withdrawal of counsel. *See id.*; *U.S. v. Flowers*, 789 F.2d 569, 570 (7th Cir. 1986); *accord Corral v. U.S.*, 498 F.3d 470, 474 (7th Cir. 2007). However, based on Defendant's financial affidavit and the case record, the Court informs the Seventh Circuit under Rule 51(a) that new counsel should be appointed for Defendant on appeal. The Clerk of the Court is **DIRECTED** to transmit a copy of this Memorandum & Order to the Seventh Circuit.

**SO ORDERED.**

Dated: May 8, 2025

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge